COX, Circuit Judge,
specially concurring:
I do not join Judge Korman’s opinion for the court. I agree that Lall’s first confession, given on the night of the home invasion, was involuntary, and that evidence of that confession and the physical evidence derived therefrom is inadmissible. The trial court’s error in admitting this evidence was not harmless. Accordingly, I concur in the judgment. But I would not reach the issue of whether Lall’s second confession, given to Detective Gaudio at the police station, was involuntary and inadmissible.
As Judge Korman’s opinion notes, the second confession was not the subject of a pretrial motion to suppress. This confession, however, was not introduced at trial, though there is some brief discussion of it in Detective Gaudio’s testimony. Gaudio testified that at the police station, Lall admitted that he had been involved in credit card fraud for over a year and he suggested that one of his clients in the illegal activity may have, committed the home invasion. (R.4-66 at 249.) I have reservations about whether objections on constitutional grounds to the brief discussion of this second confession were properly preserved. And, if they were, I have reservations about the merits. In my view, however, we need not address these issues because the limited testimony admitted about the second confession does not render the admission of the first confession and the physical evidence derived therefrom harmless beyond a reasonable doubt.
The admission of the first confession and the physical evidence at issue was error that implicates a constitutional right. So, in the harmless error analysis, we ask “whether it appears ‘beyond a reasonable *1294 doubt that the error complained of did not contribute to the verdict obtained.’ ” Neder v. United States, 527 U.S. 1, 15, 119 S.Ct. 1827, 1837, 144 L.Ed.2d 35 (1999) (quoting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)). The record indicates that the erroneously admitted evidence was essential to the Government’s case. After considering all other evidence introduced at trial, including the limited testimony about the second confession, I cannot conclude beyond a reasonable doubt that the inadmissible evidence obtained on the evening of the home invasion did not contribute to Lall’s conviction. During cross examination, Gaudio made clear that the bulk of his testimony describing Lall’s admissions was derived from statements made on the night of the home invasion, not from statements made at the police station:
Q. You only prepared one report in this case?
A. Yes.
Q. And that was the report that the prosecutor showed you about a half an hour ago?
A. Yes.
Q. And is it fair to say that in that report you did not make any reference to anything that was discussed during the interview that took place at the police station?
A. Correct.
Q. And the only information that you recorded in the report was information that you got on the night of the home invasion, correct?
A. Correct.
Q. And essentially, you’ve summarized that for us, correct, the contents of the report?
A. I told what happened, yeah.
(Id. at 269.) Gaudio’s testimony regarding the second confession, while damaging to Lall, does little to support the elements of the charged offenses. So, even if this evidence were properly admitted, it would not render harmless beyond a reasonable doubt the erroneous admission of the first confession and the physical evidence derived therefrom. The “minds of an average jury” would have found the Government’s case less persuasive if this evidence had been excluded. See United States v. Gari, 572 F.3d 1352, 1363 (11th Cir.2009) (citation omitted). Thus I concur in the judgment of the court reversing Lall’s convictions."